UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| KERR CARRINGTON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil No. 13-10368-FDS |
| DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner Kerr Carrington was convicted of one count of larceny of a motor vehicle in Massachusetts Superior Court on September 17, 2009. He was sentenced to 12 to 15 years in state prison. He now seeks habeas relief. For the reasons set forth below, the petition will be denied.

**I.   Background**

**A.   State Court Proceedings**

On February 18, 2009, Kerr Carrington was indicted on one count each of larceny of a motor vehicle, fraudulent use of a credit card, and forgery. *Commonwealth v. Carrington*, 82 Mass. App. Ct. 1106, at *1 (Jul. 6, 2012) (unpublished table opinion). On March 31, Carrington was arraigned in Superior Court. *Id.* at *2. On that day, he elected to proceed *pro se*, and was appointed standby counsel. *Id.*

At trial, Carrington represented himself with the occasional assistance of standby

counsel. He filed several motions, cross-examined the Commonwealth's witnesses, obtained a required finding of not guilty on the charge of fraudulent use of a credit card, and successfully argued for an acquittal on the forgery charge. *Id.* He was convicted on the remaining charge of larceny of a motor vehicle. *Id.*

On September 24, Carrington filed a motion to vacate his conviction and a motion for new trial, both of which were denied by the trial court. *Id.* at *1. He principally contended (1) that his waiver of counsel was invalid because it was not preceded by an adequate colloquy; (2) that the trial court erred in instructing the jury on the crime of stealing a motor vehicle by false pretenses; and (3) that the trial court erred in not instructing the jury that an honest and reasonable belief of entitlement to the property was an affirmative defense to the crime of stealing a motor vehicle. (Supplemental Answer ("SA") at 16-17).

In denying those motions, the trial court found that Carrington's waiver of counsel was knowing and voluntary because, even without an adequate colloquy, his background, experience, and conduct during the course of the case showed he was aware of the dangers of representing himself. (SA at 288-91). In particular, the trial court noted (1) that Carrington had signed a waiver of counsel, though the actual waiver was missing from the file; (2) that his criminal history involved thirty sets of criminal charges over seventeen years for various offenses, mostly larceny and fraudulent conduct; (3) that he had filed and argued several pre-trial motions, including a motion to dismiss, an interlocutory appeal, and several motions *in limine*; (4) that he had prevailed on his motion for a required finding of not guilty on the credit card fraud count; (5) that he had conducted terse but on-point cross examination of government witnesses; (6) that he had been assisted by standby counsel, who made evidentiary objections and addressed the court

when legal argument became complex; and (7) that he had successfully argued for a charge favorable to him during the charge conference. (SA at 288-91).

Carrington appealed these determinations. On July 6, 2012, the Massachusetts Court of Appeals affirmed the conviction. *Carrington*, 82 Mass. App. Ct.1106, at *3. The Supreme Judicial Court denied Carrington's application for further appellate review ("ALOFAR") without comment on September 11, 2012. *Commonwealth v. Carrington*, 463 Mass. 1107 (Sep. 11, 2012) (unpublished table opinion).

### B. Federal Court Proceedings

On February 22, 2013, Carrington filed the present petition for habeas corpus.[1] As the basis for relief, the petition asserted the following three grounds:

1. Whether Carrington's waiver of his constitutional right to counsel was invalid because the trial court failed to conduct a colloquy;

2. Whether the trial court erred in instructing the jury on the elements of the stolen vehicle charge;

3. Whether the trial court erred in not instructing the jury that Carrington's honest and reasonable belief in his entitlement to the stolen property was an affirmative defense.

## II. Standard of Review

Federal habeas review of a claim previously adjudicated on the merits by the state courts is both limited and highly deferential. *Harrington v. Richter*, ⸺ U.S. ⸺, 131 S.Ct. 770, 780 (2011); *Renico v. Lett*, 559 U.S. 766, 773 (2010); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

---

[1] Carrington also filed a motion to appoint counsel, which will be denied as moot.

If the state court did not decide a claim on the merits, review by a federal court is *de novo*. *Clements v. Clarke*, 592 F.3d 45, 52 (1st Cir. 2010). But if the state court adjudicated a claim on the merits, then a federal court may not grant a petition unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner bears the burden of showing that the state court decision was contrary to or involved an unreasonable application of clearly established law. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford*, 537 U.S. at 25).

## III.  Analysis

### A.  Waiver of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." However, a defendant has the right to proceed without counsel and can do so by making a knowing and intentional waiver of the right to counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975). When a defendant chooses to represent him or herself, the court may still appoint "standby counsel" to aid the defendant upon request, even over the defendant's objection. *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

Under *Faretta* and its progeny, a knowing and intelligent waiver requires that the defendant "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 825 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). For a waiver to be valid, it "must be made with an apprehension of the nature of the

charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Giles*, 332 U.S. 708, 724 (1948) (Black, J., plurality opinion). The defendant must also understand, at the least, the broad sweep of the procedural rules he or she is expected to follow. *Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (citing *Patterson v. Illinois*, 487 U.S. 285, 299 n.13 (1988)).

Petitioner contends that because the trial judge did not conduct a colloquy on these topics with him before he waived his right to counsel, his waiver was invalid. As evidence of his ignorance as to the nature of the charges, he points out that he, the prosecutor, and the trial court judge were confused as to the elements of the offense for which he was convicted, larceny of a motor vehicle.[2] He also cites several Massachusetts cases holding that a colloquy is required before a defendant can waive his right to counsel. *See, e.g.*, *Commonwealth v. Jones*, 60 Mass. App. Ct. 88, 89 (2003); *Commonwealth v. Correa*, 43 Mass. App. Ct. 714, 717 (1997). He contends that under those decisions, the state-court findings that he had knowingly and intelligently waived counsel due to his background, experience, and conduct throughout the course of the case were made in error.

Under 28 U.S.C. § 2254(d)(1), however, the issue is whether a state court's decision is contrary to federal law "as determined by the Supreme Court of the United States." The Supreme Court has not decided whether a specific colloquy must be given to a defendant before he or she can waive the right to counsel. Indeed, in 1987, two justices of the Supreme Court recognized that the courts of appeals were split on that very issue. *See McDowell v. United*

---

[2] Indeed, the second ground for his habeas corpus petition is that the trial court erred in instructing the jury on the elements of the offense.

*States*, 484 U.S. 980 (1987) (White, J., dissenting from denial of petition for a writ of certiorari). At least five circuits require some sort of special hearing. *Id.* (collecting cases from the Third, Fifth, Eleventh, and D.C. Circuits). At least four circuits "have taken the position that no specific inquiries or special hearings must be conducted before an accused's exercise of his *Faretta* rights will be considered 'knowing and intelligent.'" *Id.* (collecting cases from the First, Second, Seventh, and Ninth Circuits).

The First Circuit has upheld waivers of counsel without a colloquy when the record, including the defendant's background, experience, and conduct during trial, reflected that the defendant was aware of the dangers and disadvantages of self-representation. *See, e.g.*, *United States v. LaBare*, 191 F.3d 60, 68 (1st Cir. 1999) (defendant had experience with the criminal justice system because he had previously been convicted of a similar defense after trial); *United States v. Campbell*, 874 F.2d 838, 846 (1st Cir. 1989) (defendant was a lawyer); *United States v. Hafen*, 726 F.2d 21, 25 (1st Cir. 1984) (1st Cir. 1984) (defendant attended law school for two years, had previously been convicted of fraud, comported himself appropriately at trial, and had standby counsel).

Here, the Massachusetts courts essentially followed the First Circuit's approach. Those courts concluded that petitioner had a sufficient understanding of the dangers and disadvantages of representation to make a knowing and intentional waiver of counsel. Those factors included his experience with the criminal justice system, his demonstrated ability to defend himself at trial, and his use of standby counsel when legal issues became complex. Although he (and, apparently, the lawyers in the case) had trouble determining whether larceny of a motor vehicle by false pretenses was a crime, "a defendant need not himself have the skill and experience of a

lawyer in order to competently and intelligently . . . choose self-representation." *Tovar*, 541 U.S. at 89 (quoting *Faretta*, 422 U.S. at 835).  In fact, petitioner's ability to argue his position on the elements of the crime to the trial court, though ultimately unsuccessful, shows that it was not error to find that he defended himself ably at trial.

More importantly, the Massachusetts courts did not act contrary to, or unreasonably apply, established Supreme Court precedent.  Even if a colloquy might have been required in some courts, no Supreme Court case clearly establishes such a requirement.  Accordingly, petitioner's first claim is without merit.

B.      **Petitioner's State Law Claims**

Petitioner's remaining grounds for habeas corpus involve issues of state law.  The first ground concerns whether the trial court instructed the jury on the proper elements for the crime of larceny of a motor vehicle.  The second concerns whether the trial judge erred in not instructing the jury that an individual's honest and reasonable belief that he or she is entitled to the property is an affirmative defense to larceny.

It is well-settled that "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, ⸺ U.S. ⸺, 131 S. Ct. 859, 861 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *see also Wilson v. Corcoran*, ⸺ U.S. ⸺, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). That is because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68.

Petitioner does not contend that any error in the trial court's instructions to the jury on Massachusetts law violated his federal rights. Accordingly, the Court cannot reach the merits on those issues.

## IV. Conclusion

For the foregoing reasons, the petition for habeas corpus is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated: March 13, 2014 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |