UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KERR CARRINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 13-10368-FDS |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On March 13, 2014, this Court issued an order denying petitioner Kerr Carrington's petition for a writ of habeas corpus.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner set forth three grounds for relief in his petition. First, he contended that he did not waive his right to counsel knowingly and intelligently because the trial court did not conduct an adequate colloquy. Second, he contended that the trial court erred in instructing the jury on the crime of stealing a motor vehicle by false pretenses. Third, he contended that the trial court

erred in not instructing the jury that an honest and reasonable belief of entitlement to allegedly stole property is a defense to the crime of larceny of a motor vehicle.  This Court concluded, in denying the writ, that the state-court decision on the right to counsel claim was not contrary to, nor an unreasonable application of, Supreme Court precedent.  The Court also concluded that it was barred from considering petitioner's two state-law claims in a habeas corpus petition.

The standard in assessing whether to issue a COA is more liberal, and petitioner need not show that the appeal will succeed.  *See Miller-El*, 537 U.S. at 337.  Although the question is close, the Court concludes that jurists of reason could disagree with the resolution of petitioner's right to counsel claim and the issues presented are adequate to deserve encouragement to proceed further.  *See id.* at 327.  Accordingly, a COA will issue as to petitioner's claim based on an insufficient waiver of the right to counsel.

However, the standard has not been satisfied as to petitioner's state-law claims, as the Court concludes that jurists of reason could not disagree with the resolution of those claims and would not conclude that the issues presented are adequate to deserve encouragement to proceed further.

In accordance with the foregoing, a certificate of appealability is GRANTED as to petitioner's right to counsel claim, and otherwise DENIED.

**So Ordered.**

        /s/ F. Dennis Saylor
        F. Dennis Saylor IV
        United States District Judge

Dated:  March 13, 2014